**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Jonuel Pérez-Figueroa, et al

**Plaintiffs**

**v.**

PR Waste Management Group, LLC

**Defendant**

**CIVIL NO. 23-1471(RAM)**

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's *Motion to Strike Plaintiff Jonuel Perez' Deposition* ("*Motion to Strike*"). (Docket No. 62). Therein, Plaintiff alleges that on the day of his deposition, he opted not to take his anxiety medication, without informing his counsel, because of its side effects. Id. ¶ 2-3. Consequently, Plaintiff contends that he was not in an optimal state to provide accurate responses and thus his deposition testimony should be stricken. Id. ¶ 4-6. Plaintiff argues that striking his own deposition testimony is proper pursuant to Fed. R. Civ. P. 30(d)(3)(A), which allows for a deposition to be terminated or limited if it is being conducted in a manner that "unreasonably annoys, embarrasses, or oppresses the deponent or party"; Fed. R. Civ. P. 32(d)(3)(B) which allows for objections to deposition testimony on the basis of "any error or

irregularity at the oral examination"; and Fed. R. Civ. P. 26(c) which authorizes courts to issue protective orders to prevent undue burdens or oppression within the discovery process. Id. at 2-4. For the following reasons, Plaintiff's *Motion to Strike* is **DENIED**.

Although Plaintiff points to the aforementioned Federal Rules of Civil Procedure, they are inapposite to the controversy at hand. Plaintiff failed to cite any on point legal authorities or case law to support his request to strike his own deposition testimony in its entirety as required by Local Rule 7(a). *See* L. CV. R. 7(a). Furthermore, Plaintiff failed to file a timely objection with regards to the deposition testimony. *See* United States v. Berrios-Rodriguez, 768 F. Supp. 939, 941 (D.P.R. 1991) (finding that "the failure to challenge the competence of a witness at the time his testimony is presented, acts as a waiver to later objections of competency").

Relevant case law has consistently favored the admission of witness testimony if the witness can comprehend the obligation of their oath and can provide "a correct account of the matters which he has seen or heard in reference to the questions at issue." *See* United States v. Carbone, 110 F.4th 361, 377 (1st Cir. 2024) (quoting D.C. v. Armes, 107 U.S. 519, 521–22 (1883). Furthermore, as explained by the First Circuit in Carbone:

> Federal Rule of Evidence 601 codifies this well-established principle and in relevant part provides, as we earlier noted, that "[e]very person is competent to be a witness unless these rules provide otherwise." Fed. R. Evid. 601. The Rule and advisory committee's notes make clear that the Rule leans towards inclusion and are particularly illustrative, explaining that: "[n]o mental or moral qualifications for testifying as a witness are specified"; "[d]iscretion is regularly exercised in favor of allowing the testimony"; and "[a] witness wholly without capacity is difficult to imagine."

Id. (quoting Fed. R. Evid. 601 advisory committee's notes to 1972 proposed rules).

Having examined the totality of the deposition transcript, the Court finds that striking Plaintiff's deposition testimony is improper. The deposition was not conducted in a bad faith manner as alleged by Plaintiff. *See* Docket No. 88-1. Plaintiff did not notify his failure to take the medication at issue until the very end of his deposition. Id. at 187. Opposing counsel was thus unaware of this fact for most of their questioning and could not exploit it as Plaintiff suggests. Additionally, Plaintiff testified that although he takes medication to assist with concentration, he has not been diagnosed with any attention deficit disorder nor memory problems. Id. at 187-188. In fact, Plaintiff testified that he voluntarily opted not to take the medication at issue because it "knocks" him out and makes him "a bit sleepy". Id. at 226. In other words, per Plaintiff's own

testimony, he believed not taking the medication would *assist* with his performance at the deposition. The deposition transcript reveals that Plaintiff frequently claimed not to remember specific details about a wide range of issues and was upset by having to relive the facts that form the basis of his *Complaint*. However, this is insufficient to establish that Plaintiff did not understand his obligations under oath or that he was unable to give correct responses to the questions being asked of him, to the best of his ability. In accordance with the above, the Court hereby DENIES Plaintiff's *Motion to Strike* at Docket No. 62.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of February 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE