IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jonuel Pérez-Figueroa, et al<br><br>**Plaintiffs**<br><br>v.<br><br>PR Waste Management Group, LLC<br><br>**Defendant** | CIVIL NO. 23-1471(RAM) |

MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Jonuel Pérez-Figueroa's ("Plaintiff" or "Pérez-Figueroa") *Motion for Reconsideration*. (Docket No. 94). Plaintiff requests that the Court reconsider its Order at Docket No. 90 denying Plaintiff's *Motion to Strike* Pérez-Figueroa's deposition testimony. Id. In support of this request, Plaintiff asserts that "newly discovered expert opinion evidence, brought forth by Plaintiffs' Expert Witness, Dr. Maria Del Mar Torres Suria, a Clinical Psychologist, establishes that [Plaintiff] was not competent to testify at his Deposition." Id. at 4-5. Additionally, Plaintiff highlights that pursuant to Fed. R. Civ. P. 32(d)(3)(A) he did not waive his objection to Pérez-Figueroa's competency to testify during his deposition. Id. at 6-8.

Relief under Fed. R. Civ. P. 59(e) is granted sparingly, and only when the original order "evidenced a manifest error of

law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). The moving party bears the burden of proving that one of these three conditions exist to warrant reconsideration. *See* Sutherland v. Ernst & Young LLP, 847 F. Supp. 2d 528, 531 (S.D.N.Y. 2012).

Although the Court acknowledges that Plaintiff's objection was not waived, Pérez-Figueroa has still failed to meet this burden. As discussed in the Memorandum and Order, relevant case law consistently favors the admission of witness testimony if the witness can comprehend the obligation of their oath and can provide "a correct account of the matters which he has seen or heard in reference to the questions at issue." United States v. Carbone, 110 F.4th 361, 377 (1st Cir. 2024) (quotation omitted). The Court reviewed the totality of Plaintiff's deposition transcript and articulated the specific reasons why striking it was improper under this standard.

In his *Motion for Reconsideration*, Plaintiff asks the Court to evaluate "newly discovered expert opinion evidence." (Docket No. 94-1). A party asking a court to reconsider its order on the basis of newly discovered evidence "must show "that [it] could not in the exercise of reasonable diligence have obtained [the] new evidence earlier.'" City of Miami Fire Fighters' &

Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022) (quoting In re Biogen Inc. Sec. Litig., 857 F.3d 34, 46 (1st Cir. 2017)). First Circuit "precedent has repeatedly clarified the scope of this burden, cautioning that 'a party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings.'" United States v. Rivera-Rodriguez, 75 F.4th 1, 22 (1st Cir. 2023) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19-20 (1st Cir. 2002)).

Despite this burden, Plaintiff made no effort to explain why the expert report could not have been presented earlier nor why they did not seek leave from Court to obtain it during the initial briefing on the *Motion to Strike*. *See* id. The Court finds that merely providing newly *obtained* evidence is not equivalent to newly *discovered* evidence under Fed. R. Civ. P. 59(e). In accordance with the above, the Court hereby **DENIES** Plaintiff's *Motion for Reconsideration* at Docket No. 94.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of March 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE